IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ROXANNE KENNEDY *aka* Roxanne Bates,<br><br>Defendant. | Case No. 18-cr-00161-DKW<br><br>**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE** |

On March 18, 2024, Defendant Roxanne Bates,[1] proceeding *pro se*, filed a motion pursuant to 18 U.S.C. § 3582(c)(2) to reduce her sentence based upon Amendment 821 to the United States Sentencing Guidelines. Dkt. No. 29. Among other things, Amendment 821 limits the "status points" a defendant may receive at sentencing if she committed the instant offense while under an existing criminal justice sentence. Here, review of Bates' Presentence Investigation Report ("PSR") reveals that although she received two status points at sentencing, her criminal history category was based on her classification as a career offender, and not on her criminal history points. Accordingly, as Amendment 821 would not lower

---

[1] Defendant was initially charged under the name "Roxanne Kennedy" aka "Roxanne Bates." *See* Dkt. No. 1. However, as she filed the instant motion under the name "Roxanne Bates," the Court will refer to her as "Bates" herein. *See* Dkt. No. 29.

Bates' sentencing guideline range, she is ineligible for a reduction in her sentence under Section 3582(c)(2).  Her motion, Dkt. No. 29, is therefore DENIED.

## DISCUSSION[2]

Title 18 of the United States Code, Section 3582(c)(2) permits the Court to reduce a term of imprisonment if, *inter alia*, it was based on a sentencing range subsequently lowered by an amendment to the United States Sentencing Guidelines.  Among other things, Amendment 821, which became effective on November 1, 2023, modified Section 4A1.1 of the Sentencing Guidelines to limit "status points"—that is, points added to a defendant's criminal history score if she "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *See* U.S.S.G. amend. 821, pt. A; U.S.S.G. § 4A1.1(e) (2023).  As amended, Section 4A1.1(e) now restricts status points to one point for defendants with seven or more criminal history points, and eliminates them altogether for defendants with six or fewer criminal history points.  *See id.*

Here, although Amendment 821 may be applicable to Bates' sentence, she is not eligible for a reduction under Section 3582(c)(2) because it would not "have the effect of lowering the defendant's applicable guideline range."  U.S.S.G.

---

[2] Because Bates is *pro se*, the Court liberally construes her filings.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

§ 1B1.10(a)(2)(B).  Specifically, review of Bates' PSR[3] reveals that although she received eleven total criminal history points—including two "status points"—her criminal history category of VI was based *solely* on her designation as a career offender.[4]  *See* Dkt. No. 21 at 13; U.S.S.G. § 4B1.1(b) ("A career offender's criminal history category in every case under this subsection shall be Category VI.").  Such provision has not changed as a result of the November 2023 amendments to the Guidelines.  *See* U.S.S.G. § 4B1.1(b) (2023).  Accordingly, even if Bates is entitled to a reduction in her status points, her criminal history category would remain at VI and her guideline range would stay precisely the same.  *See* Dkt. No. 21 at 13, 26; U.S.S.G. ch. 5 pt. A.  She is therefore ineligible for a sentence reduction under Section 3582(c)(2).[5]  *See* U.S.S.G. § 1B1.10 app. note 1(A) ("a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) . . . [if] the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline."); *United States v. Wilson*, 2024 WL 1908839, at *1 (W.D. Mich. May 1, 2024) (collecting cases).  Consequently, her motion, Dkt. No. 29, is DENIED.

---

[3] The Court adopted the PSR without change at sentencing.  *See* Dkt. No. 25.
[4] Bates did not challenge this determination at sentencing and does not raise it in the instant motion.  *See* Dkt. No. 21 at 24–25; Dkt. No. 29.
[5] The Court therefore need not, and does not, address any other showing that must be made for a Section 3582(c)(2) motion to be granted.  *See United States v. Mercado-Moreno*, 869 F.3d 942, 948–49 (9th Cir. 2017).

## CONCLUSION

For the reasons set forth herein, Bates' Motion to Reduce Sentence Under 18 U.S.C. § 3582(c)(2) and USSG Amendment 821, Dkt. No. 29, is DENIED.

IT IS SO ORDERED.

DATED: May 9, 2024 at Honolulu, Hawai'i.

Derrick K. Watson
Chief United States District Judge

United States of America vs. Roxanne Kennedy; Crim No. 18-00161 DKW;
**ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE**